**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JAMES COLE PORTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-765 RLW |
| OVERLAND POLICE DEPARTMENT, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of Plaintiff James Cole Porter's civil complaint and motion for leave to proceed without prepaying fees or costs. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. Therefore, the Court will grant the motion. For the reasons discussed below, the Court will dismiss this action at this time, without prejudice, and will deny as moot Plaintiff's motion to appoint counsel.

**Legal Standard**

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).  *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints filed by self-represented persons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed his complaint against the Overland Police Department. He invokes this Court's federal question jurisdiction, and states he seeks redress for violation of his Fourth

Amendment rights, along with his "constitutional rights" and "civil rights." [ECF No. 1 at 3]. Additionally, on the Civil Cover Sheet Plaintiff submitted with the complaint, he indicates an intent to proceed pursuant to 18 U.S.C. § 242.

In the complaint, Plaintiff sets forth his statement of claim as follows:

> My civil and constitutional Rights were violated on March 27th at Midland and Woodson. I suffer from Anxiety, Panic attacks, stress. Officer Braden grabbed my arm's and twisted them behind my back and searched me and my vehicle and he disarmed me without my consent. Sgt Graham allowed it to continue. Officer Mille tried to get me to open my trunk as she watched and allowed offer Braden to violate my Right.

*Id.* at 5.[1] Plaintiff seeks damages totaling $1 million, and explains that "the Department refuses to pay for injuries." *Id.* at 6.

Attached to the complaint are three documents from the Overland Police Department Office of Support Services that are addressed to Plaintiff. [ECF No. 1-1]. Each document is dated May 8, 2023, and titled "Notification to Complainant of Conclusion." *Id.* Each document begins by referencing the fact that Plaintiff filed claims against an officer for "Violation of Conduct & Discipline; and/or Violation of City of Overland Employee Handbook; Sections and/or Appendix." *Id.* The first document identifies Officer Chase Braden, the second identifies Officer Amber Miller, and the third identifies Corporal Codi Graham. The documents describe Plaintiff's claims against each officer using general terms. Those terms are "Malfeasance of Duty," "Searches," "Abuse of Process/False Reports," "Violation of Rules," and "Requests for Assistance." *Id.* at 1-3. The documents do not describe the facts giving rise to any claim.

## Discussion

Plaintiff has named the Overland Police Department as the sole defendant. The Overland Police Department is a municipal department of St. Louis County, and is not an entity that can be

---

[1] The text is quoted verbatim without correction of errors.

sued under 42 U.S.C. § 1983, however. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"). Even if plaintiff had named the municipality as a defendant, the complaint would not state a claim of municipal liability because it fails to allege a direct causal link between a municipal policy or custom and the alleged constitutional violations. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

In the body of the complaint, Plaintiff identifies three law enforcement officers and claims they violated his rights. However, even if Plaintiff had named the officers as defendants in this case, his claims would fail. First, the complaint is silent about the capacity in which the officers are sued. The Court would therefore interpret the complaint as including only official-capacity claims against the officers. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995). A "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999). Here, the public employer is the Overland Police Department, and for the reason explained above, such claims would fail.

Even if Plaintiff had named the three officers in their individual capacities, the complaint would fail to state a plausible claim. Plaintiff cites the Fourth Amendment, and claims his "civil and constitutional Rights were violated." [ECF No. 1 at 5]. However, neither his complaint nor the attachments thereto contain facts that would allow the Court to reasonably infer that any officer conducted an unreasonable search or seizure, or otherwise violated Plaintiff's federally-protected rights. Therefore, the complaint would fail to state a claim upon which relief may be granted against any of the three officers in their individual capacities. *See Iqbal*, 556 U.S. at 678.

Plaintiff also indicates an intent to assert claims pursuant to 18 U.S.C. § 242.  However, 18 U.S.C. § 242 is a criminal statute that provides no basis for a private right of action.  *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 . . .  These statutes do not give rise to a civil action for damages.").  Therefore, to the extent Plaintiff asserts claims under 18 U.S.C. § 242, such claims fail.

For all of the foregoing reasons, the Court will dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel [ECF No. 3] is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of July, 2023.